# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JAMES ARTHUR MEEKS, #543366 § | |
| § | |
| VS. § | CIVIL CASE NO. 4:22-cv-237 |
| § | |
| TONY RAY, ET AL. § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff James Arthur Meeks filed a notice of appeal (Dkt. #322) from the dismissal of this lawsuit, together with a motion to proceed *in forma pauperis* on appeal (Dkt. #324). Defendants filed responses in opposition, asserting that Plaintiff may not proceed *in forma pauperis* on appeal because he has accumulated three strikes. (Dkt. ##325, 330, 332). Plaintiff filed replies (Dkt. ##327, 331), and certain Defendants filed a sur-reply (Dkt. #328).

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [the *in forma pauperis* statute] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

At the time Plaintiff filed his notice of appeal, he had accumulated at least two strikes: *Meeks v. DeBouse*, No. 4:23-CV-619-P, 2024 WL 1862187 (N.D. Tex. Apr. 29, 2024) (dismissing case with prejudice for failure to state a claim upon which relief may be granted), *aff'd*, No. 24-10431, 2024 WL 4457846 (5th Cir. Oct. 10, 2024), *cert. denied*, 145 S. Ct. 2799 (2025); *Meeks v. Nash*, No. 1:18-CV-263 (E.D. Tex. Mar. 10, 2020) (dismissing case with prejudice for failure to state a

claim upon which relief may be granted), *aff'd*, No. 20-40252, 2021 WL 4515396 (5th Cir. Oct. 1, 2021).

Contrary to Defendants' assertion, however, the Fifth Circuit's affirmances of the district court's dismissals in *Meeks v. DeBouse*, No. 24-10431, and *Meeks v. Nash*, No. 20-40252, do not count as additional strikes. The Fifth Circuit has held that affirmance of a district court's dismissal—as opposed to dismissal of the appeal as frivolous—does not count as an additional strike. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (finding that the district court's dismissal of the plaintiff's § 1983 claim "counts, but our affirmance, standing alone, does not"), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015) (holding that "courts must count the dismissal [as a strike] even though it remains pending on appeal," abrogating the Fifth Circuit's additional determination in *Adepegba,* 103 F.3d at 387, that "[a] dismissal should not count against a petitioner until he has exhausted or waived his appeals"); *see also Carson v. Millus*, 621 F. App'x 787, 791 n.3 (5th Cir. 2015) (stating that the affirmance of a district court's dismissal for failure to state a claim does not count as a separate strike: "Instead, the entire course of this litigation will only count as a single strike against [the plaintiff]."); *Lowe v. Dollison*, No. 6:11CV108, 2012 WL 162026, at *2 (E.D. Tex. Jan. 18, 2012) (stating that an affirmance of a district court dismissal as frivolous does not itself count as a strike). The Fifth Circuit did not dismiss as frivolous the appeal in *Meeks v. DeBouse*, No. 24-10431, or *Meeks v. Nash*, No. 20-40252; rather, the Fifth Circuit affirmed the district court's judgments dismissing Plaintiff's § 1983 complaints for failure to state a claim. As such, the affirmances do not count as separate strikes.

Furthermore, the district court's denial of Plaintiff's motion to intervene in *Cole v. Collier*, No. 4:14-CV-1698, 2018 WL 2117338, at *5 (S.D. Tex. May 7, 2018), and the Fifth Circuit's

2

affirmance of the district court's denial in *Brannum v. Collier*, 745 F. App'x 544, 544 (5th Cir. 2018), do not constitute strikes, as they are not "actions or appeals" that were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

A more difficult question is whether the district court's judgment pending in this very appeal counts as Plaintiff's third strike. Defendants urge that it does. The Supreme Court and the Fifth Circuit have held that a strike counts even if the case is pending on appeal. *Coleman*, 575 U.S. at 538; *Prescott v. UTMB Galveston Texas*, 73 F.4th 315, 319 (5th Cir. 2023). That said, *Coleman* involved a district court dismissal that remained pending in a *different* appeal. 575 U.S. at 1764–65 ("Coleman is not here appealing from a third-strike trial-court dismissal. . . . If and when the situation that Coleman hypothesizes does arise, the courts can consider the problem in context."). In *Prescott*, the Fifth Circuit did not reach the question left open by *Coleman* on whether a third strike issued in a case pending on appeal may count for purposes of determining *in forma pauperis* status because the district court's strike was the plaintiff's fourth, not third, and thus his *in forma pauperis* status did not depend on that point. 73 F.4th 315 at 321. So, the *in forma pauperis* question presented here is an open one in both the Supreme Court and the Fifth Circuit.

A circuit split has developed on the issue. *Compare Richey v. Dahne*, 807 F.3d 1202, 1209–10 (9th Cir. 2015) (holding that prisoners may appeal *in forma pauperis* from a third strike), and *Taylor v. Grubbs*, 930 F.3d 611, 620 (4th Cir. 2019) (following *Richey*), *with Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 151–54 (3d Cir. 2017) (disagreeing with *Richey* and finding that the three-strikes provision applied to the appeal at issue), *and Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002) (concluding that the district court's issuance of a third strike

counts even if the judgment is being challenged on appeal; therefore, authorizing an *in forma pauperis* appeal in this situation was "contrary to the language of the statute"); *see also Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 246 (5th Cir. 2020) (Ho, J., concurring) (concluding that "[c]ongress has made clear in the PLRA that prisoners may not proceed IFP on appeal following *any three strikes, inclusive of the underlying district court action under review*" (emphasis added))[1]; *Fiorito v. Prodigal Co.*, No. 24-CV-3757 (PJS/TNL), 2025 WL 26048, at *3 (D. Minn. Jan. 3, 2025) (noting the circuit split and siding with the Third and Seventh Circuits), *appeal dismissed as moot*, No. 25-1268, 2025 WL 2334799 (8th Cir. May 1, 2025).

The Court finds that the position of the Third and Seventh Circuits (and the dissent in *Taylor* and Judge Ho's concurrence in *Alexander*), "which is grounded in the text of the statute itself," to be more convincing than the position of the courts that have concluded that an appeal may be taken *in forma pauperis* from a dismissal constituting a third strike, "which is grounded primarily in a policy concern that some litigants may not be able to seek appellate review." *Fiorito*, No. 24-CV-3757 (PJS/TNL), 2025 WL 26048, at *3. "The concern expressed by those courts is legitimate, but it does not require twisting the statute and allowing a fourth strike," as Plaintiff could yet seek *in forma pauperis* status from the Fifth Circuit, which would then have to determine for itself whether Plaintiff had incurred three or more strikes for purposes of § 1915(g). *Robinson*, 297 F.3d at 541; *Fiorito*, No. 24-CV-3757 (PJS/TNL), 2025 WL 26048, at *3. And even if that were not true, and three-strikes status entirely foreclosed Plaintiff from being able to file an appeal *in*

---

[1] Judge Ho explained that, because the defendants did not object to *in forma pauperis* status in the appeal, he joined the per curiam decision affirming the district court on the merits but wrote "separately to spell out the terms of the PLRA, out of respect for Congress's directive to the courts to deny IFP status to repeat frivolous claimants, and to instead focus [the Court's] limited resources on litigants with worthier claims." *Alexander*, 951 F.3d at 242.

*forma pauperis* in this matter, it is the duty of the Court "to give effect to the plain language of the statute." *Parker*, 870 F.3d at 153; *Fiorito*, No. 24-CV-3757 (PJS/TNL), 2025 WL 26048, at *3.

Because Plaintiff accumulated three strikes at the time he filed his notice of appeal, he may not bring this appeal *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the appeal. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). A prisoner may not rely on conclusory or speculative allegations to establish imminent danger. *See Prescott*, 73 F.4th at 322 (holding that the prisoner's factual allegations were "conclusory and speculative and thus fail to demonstrate imminent danger"); *Resendez v. Abbott*, No. 20-50647, 2022 WL3971589, *1 (5th Cir. 2022) (noting that imminent danger "requires more than conclusory allegations"); *Smith v. Blount*, 258 F. App'x 630, 630 (5th Cir. 2007) (finding "conclusional allegations are insufficient to show . . . imminent danger of serious physical injury"). Plaintiff did not allege or make the requisite showing that he was in imminent danger of serious physical injury at the time he filed the appeal. Thus, Plaintiff is barred from proceeding *in forma pauperis* on appeal because of the "three strikes" rule of 28 U.S.C. § 1915(g).

It is therefore **ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Dkt. #324) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 1st day of December, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE